EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

LAWRENCE L. TONG  3040
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Larry.Tong@usdoj.gov

LAWRENCE A. GOYA  2476
Special Assistant U.S. Attorney
425 Queen Street, Third Floor
Honolulu, Hawaii 96813
Telephone: (808) 586-1160
Facsimile: (808) 586-1375
E-Mail: Lawrence.A.Goya@hawaii.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00243 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | PARTIES' JOINT PROPOSED JURY |
| vs. | ) | INSTRUCTIONS; CERTIFICATE OF |
| | ) | SERVICE |
| MICHAEL FURUKAWA,      (01) | ) | |
| WESLEY UEMURA,        (02) | ) | Trial: September 19, 2006 |
| DENNIS HIROKAWA,      (03) | ) | |
| RICHARD OKADA,        (04) | ) | |
| | ) | |
| Defendants. | ) | |

PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

        The United States and defendants, through their

counsel, request that the court gives its standard jury

instruction nos. 1, 2B, 3A or 3B (depending on whether any

defendant testifies), 4, 5, 6, 7, 8, 9, 10, 11, 14A (if any defendant testifies), 15, 16, 17D, 18 and 19B, together with the proposed special instruction nos. 1 through 13 attached hereto.

The government represents that defense counsel have reviewed and approved the attached jury instructions.

DATED:    September 7    , 2006 at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


/s/ Lawrence L. Tong
LAWRENCE L. TONG
Assistant U.S. Attorney
LAWRENCE A. GOYA
Special Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America

2

PROPOSED INSTRUCTION NO. 1

Defendants Michael Furukawa, Wesley Uemura, Dennis Hirokawa and Richard Okada are charged in count 1 of the indictment with conspiring to commit mail fraud, in violation of Section 371 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 1, 1997, and ending on or about June 30, 2002, there was an agreement between two or more persons to commit the crime of mail fraud, as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something

unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A
lawful act may be an element of a conspiracy if it was done for
the purpose of carrying out the conspiracy. The government is
not required to prove that the defendant personally did one of
the overt acts.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 8.16
(2003 ed.)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED INSTRUCTION NO. 2

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with all of the other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects, or purposes, of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 8.18 (2003 ed.)(modified to add "or purposes" in first element)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

2

PROPOSED INSTRUCTION NO. 3

You have heard testimony about various events that took place over a number of years.  Some of the people who may have been involved in those events are not on trial.  The government is not required to prosecute all members of an alleged conspiracy in one proceeding or trial.  Nor is the government required to prove the identity of all of the participants in an alleged conspiracy.  An indictment may charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more persons who are identified.

Pattern Criminal Jury Instructions for the Sixth Circuit no. 3.06 (2005 ed.)(modified)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED INSTRUCTION NO. 4

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 8.17 (2003 ed.)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED INSTRUCTION NO. 5

Defendants Michael Furukawa, Wesley Uemura and Dennis Hirokawa are charged in the indictment with committing mail fraud in violation of Section 1341 of Title 18 of the United States Code.  Defendant Furukawa is charged in counts 2-19 with such violations, defendant Uemura is charged in counts 20-33 with such violations, and defendant Hirokawa is charged in counts 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 26, 29, 30, 31, 32 and 33 with such violations.  In order for a defendant to be found guilty of a mail fraud charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up, or knowingly participated in, a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 8.101 (2003 ed.)[modified to include words "or knowingly participated in" in the first element, pursuant to United States v. Montgomery, 384 F.3d 1050, 1063 (9th Cir. 2004)]

GIVEN     _____
REFUSED   _____
MODIFIED  _____

PROPOSED INSTRUCTION NO. 6


An intent to defraud is an intent to deceive or cheat.


Ninth Circuit Manual of Model Criminal Jury Instructions no. 3.17
(2003 ed.)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED INSTRUCTION NO. 7

Each member of a scheme to defraud is responsible for other co-schemers' actions during the course of and in furtherance of the scheme.

If you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant is responsible for what other co-schemers said or did to carry out the scheme, even if the defendant did not know what they said or did.

For a defendant to be guilty of an offense committed by a co-schemer as part of and in furtherance of the scheme, the offense must be one that could reasonably be foreseen as a necessary and natural consequence of the scheme to defraud.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 8.101A (2003 ed.)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

PROPOSED INSTRUCTION NO. 8

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendants are not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendants, only as they relate to this charge against the defendants.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 3.10 (2003 ed.)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED INSTRUCTION NO. 9

You have heard evidence of other acts engaged in by certain of the defendants.  You may consider that evidence only as it bears on that defendant's motive, opportunity, intent, preparation, plan, or knowledge, and for no other purpose.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 4.3 (2003 ed.)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED INSTRUCTION NO. 10

You have heard testimony that the defendants made certain statements.  It is for you to decide (1) whether the defendants made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendants may have made such statements.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 4.11 (2003 ed.)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED INSTRUCTION NO. 11

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 4.19 (2003 ed.)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED INSTRUCTION NO. 12

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 4.18 (2003 ed.)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

PROPOSED INSTRUCTION NO. 13

The parties have agreed, or stipulated, to certain
facts that have been stated to you.  You should therefore treat
these facts as having been proved.

Ninth Circuit Manual of Model Criminal Jury Instructions no. 2.4
(2003 ed.)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

CLEAN SET OF JURY INSTRUCTIONS

INSTRUCTION NO. \_\_

Defendants Michael Furukawa, Wesley Uemura, Dennis Hirokawa and Richard Okada are charged in count 1 of the indictment with conspiring to commit mail fraud, in violation of Section 371 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about July 1, 1997, and ending on or about June 30, 2002, there was an agreement between two or more persons to commit the crime of mail fraud, as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something

unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

2

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

INSTRUCTION NO. __

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with all of the other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects, or purposes, of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. ___

You have heard testimony about various events that took place over a number of years. Some of the people who may have been involved in those events are not on trial. The government is not required to prosecute all members of an alleged conspiracy in one proceeding or trial. Nor is the government required to prove the identity of all of the participants in an alleged conspiracy. An indictment may charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more persons who are identified.

INSTRUCTION NO. __

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

INSTRUCTION NO. ___

Defendants Michael Furukawa, Wesley Uemura and Dennis Hirokawa are charged in the indictment with committing mail fraud in violation of Section 1341 of Title 18 of the United States Code.  Defendant Furukawa is charged in counts 2-19 with such violations, defendant Uemura is charged in counts 20-33 with such violations, and defendant Hirokawa is charged in counts 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 26, 29, 30, 31, 32 and 33 with such violations.  In order for a defendant to be found guilty of a mail fraud charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up, or knowingly participated in, a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. __


An intent to defraud is an intent to deceive or cheat.

INSTRUCTION NO. ___

Each member of a scheme to defraud is responsible for other co-schemers' actions during the course of and in furtherance of the scheme.

If you decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant is responsible for what other co-schemers said or did to carry out the scheme, even if the defendant did not know what they said or did.

For a defendant to be guilty of an offense committed by a co-schemer as part of and in furtherance of the scheme, the offense must be one that could reasonably be foreseen as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION NO. ___

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendants are not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendants, only as they relate to this charge against the defendants.

INSTRUCTION NO. ___

You have heard evidence of other acts engaged in by certain of the defendants.  You may consider that evidence only as it bears on that defendant's motive, opportunity, intent, preparation, plan, or knowledge, and for no other purpose.

INSTRUCTION NO. ___

You have heard testimony that the defendants made certain statements.  It is for you to decide (1) whether the defendants made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendants may have made such statements.

INSTRUCTION NO. __

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. __

      Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. __

The parties have agreed, or stipulated, to certain
facts that have been stated to you.  You should therefore treat
these facts as having been proved.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

CLIFFORD B. HUNT, ESQ.                September 7, 2006
notguilty007@msn.com

Attorney for Defendant
WESLEY UEMURA

DANA S. ISHIBASHI                     September 7, 2006
ishibashi@aol.com

Attorney for Defendant
RICHARD OKADA

HOWARD K.K. LUKE, ESQ.                September 7, 2006
howardkkluke@hawaii.rr.com

Attorney for Defendant
MICHAEL FURUKAWA

Served by first class mail:

KEITH S. SHIGETOMI, ESQ.              September 7, 2006
711 Kapiolani Blvd., Suite 1440
Honolulu, HI 96813

Attorney for Defendant
DENNIS HIROKAWA

DATED:  Honolulu, Hawaii, September 7, 2006.


/s/ Janice Tsumoto