CLIFFORD HUNT 3425
333 Queen Street, Suite 612
Honolulu, Hawaii 96813
(808) 545-4050; FAX: (808) 544-0007
E-mail: NOTGUILTY007@msn.com

ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 04-00243 DAE |
| | ) | |
| Plaintiff, | ) | DEFENDANT UEMURA'S TRIAL BRIEF |
| vs. | ) | REGARDING ADMISSIBILITY OF |
| | ) | EXTRINSIC EVIDENCE WITNESS' PRIOR |
| MICHAEL FURUKAWA, (01) | ) | INCONSISTENT STATEMENT; |
| WESLEY UEMURA, (02) | ) | CERTIFICATE OF SERVICE |
| DENNIS HIROKAWA, (03) | ) | |
| RICHARD OKADA, (04) | ) | TRIAL: September 20, 2006 |
| | ) | |
| Defendants. | ) | JUDGE: DAVID A. EZRA |
| _____ | ) | |

DEFENDANT UEMURA'S TRIAL BRIEF REGARDING
ADMISSIBILITY OF EXTRINSIC EVIDENCE
<u>WITNESS' PRIOR INCONSISTENT STATEMENT</u>

1. Prior sworn inconsistent statements of prosecution witnesses are admissible as

substantive evidence.

     Federal Rules of Evidence (FRE) Rule 801(d) entitled "Statements which are not

hearsay," provides in relevant part:

     A statement is not hearsay if---

     (1) Prior statement by witness. The declarant testifies at the trial or hearing and is
     subject to cross-examination concerning the statement, and the statement is (A)
     inconsistent with the declarant's testimony, and was given under oath subject to

the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. Thus, a prior inconsistent statement of a prosecution witness given under oath is not hearsay and admissible as substantive evidence.

2. Extrinsic evidence of prior unsworn inconsistent statements of prosecution witnesses is also admissible.

FRE Rule 613(b) entitled "Extrinsic evidence of prior inconsistent statement of witness" provides:

> (b). Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to the admissions of a party-opponent as defined in rule 801(d)(2).

Defendant may request that the court admit at trial portions of transcripts of prior inconsistent grand jury testimony of prosecution witnesses as well as unsworn transcribed statements of prosecution witnesses taken by the police and other prosecution investigators. These statements are admissible as substantive evidence of what happened in this case.

3. Even if the witness admits making the statement, extrinsic evidence of the statement is still admissible.

Even if the witness admits making the statement, extrinsic evidence of the statement is still admissible. <u>Gordon v. U.S.</u>, 344 U.S. 414, 420-421, 73 S.Ct. 369, 374 (U.S. 1953) (Where accomplice who gave testimony against defendant admitted on cross-examination that certain documents representing statements made by him were contradictory of his testimony, such admission did not preclude defendants from

2

demanding production of, and introducing the documents in evidence. Best evidence rule required that defendants be permitted to introduce the document as best illustrating to the jury its impeaching weight and significance.)

> We think that an admission that a contradiction is contained in a writing should not bar admission of the document itself in evidence, providing it meets all other requirements of admissibility and no valid claim of privilege is raised against it. The elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description and this is no less true as to the extent and circumstances of a contradiction. We hold that the accused is entitled to the application of that rule, not merely because it will emphasize the contradiction to the jury, but because it will best inform them as to the document's impeaching weight and significance.

Id. 344 U.S. at 420-421, 73 S.Ct. at 374.

The court in Gordon also held it was error for the trial court to refuse to admit into evidence during cross-examination a transcript of proceedings at which an accomplice witness pleaded guilty which contained statements by another trial judge, while discussing accomplice's expectation of recommendation for lenient sentence or for probation, that accomplice should tell all that he knew even though it might involve others which resulted in the accomplice making a statement less than a week after the plea proceedings implicating the defendants:

> The second effort to impeach Marshall was to offer parts already quoted from the transcript of proceedings in Detroit. Although Marshall admitted pleading guilty to the offense and that nine months later he was still unsentenced, he denied that he had received either promises or threats. The transcript would have shown the jury that a federal judge, who still retained power to fix his sentence, in discussing Marshall's expectation of a 'recommendation for a lenient sentence or for probation' had urged him to tell all he knew, 'even though it might involve others.' Involvement of others, whom Marshall had not theretofore mentioned, soon followed. We think the jury should have heard this warning of the judge, which was an addition to the matter brought out on cross-examination. The question for them is not what the judge intended by the admonition, nor how we, or even they, construe its meaning. We imply no criticism of it, and he expressly

> stated that he was holding out no promise. But the question for the jury is what effect they think these words had on the mind and conduct of a prisoner whose plea of guilty put him in large measure in the hands of the speaker. They might have regarded it as an incentive to involve others, and to supply a motive for Marshall's testimony other than a duty to recount the facts as best he could remember them. Reluctant as we are to differ with an experienced trial judge on the scope of cross-examination, the importance of this witness constrains us to hold that the transcript was erroneously excluded.

Id. 344 U.S. at 421-422, 73 S.Ct. at 374 – 375.

*See Also*: Williams v. U.S., 686 A.2d 552 (D.C.,1996) (Trial court committed reversible error by refusing to admit into evidence the transcripts of inconsistent statements made by prosecution's key witness at first trial even though defense counsel was permitted to read the prior inconsistent statements to the jury and was permitted to argue the inconsistencies as evidence that the prosecution's key witness was not a credible and reliable witness.).

4. Defendant Uemura's suggested procedure for the admission of prior inconsistent testimony and statements.

Defense counsel for Mr. Uemura and counsel for the prosecution have conferred with each other regarding the use of computer software programs that use an LCD projector to project images in front of the court and jury. Mr. Uemura and the prosecution intend to use the Sanction II program licensed by Verdict Systems of Tempe, Arizona to project images of documents and photographs in evidence during the testimony of witnesses. (The parties also intend to share a projector and other electrical hardware to minimize clutter in the courtroom and speed transition between counsel's presentation of their respective cases.)  Mr. Uemura also proposes to project images of portions of transcripts of prior inconsistent statements of prosecution

4

witnesses to the jury using the Sanction program. Mr. Uemura proposes that during the course of cross-examination of prosecution witness' his counsel be permitted to not only confront the prosecution witness with the witness' prior testimony by showing it to the witness while the witness is testifying, but that defense counsel also be permitted to project, that is publish, without submitting as an actual exhibit, that portion of the prior inconsistent statement to the jury using the Sanction II program. Mr. Uemura respectfully believes that this method of introducing the prior inconsistent statement is efficient and saves time by not necessitating the introduction into evidence as exhibits the actual redacted pages of the transcripts containing the prior inconsistent statements of the witness. The jury will simply see the projected portion of the impeaching statement while it is being published then the image will be removed from the screen and the cross-examination will proceed to the next question.

DATED: Honolulu, Hawaii, September 23, 2006

    /s/ Clifford Hunt
Attorney for Defendant
WESLEY UEMURA